UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
APPEAL CASE NO.: 24-12960-J

CMR CONSTRUCTION & ROOFING, LLC, A/A/O THE ORCHARDS
CONDOMINIUM ASSOCIATION, INC.,

Appellant,

v.

EMPIRE INDEMNITY INSURANCE COMPANY,

Appellee.

---

**OPPOSED JOINT MOTION TO RESET THE BRIEFING SCHEDULE
OR, ALTERNATIVELY, MOTION FOR EXTENSION OF TIME**

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| BUTLER WEIHMULLER KATZ CRAIG LLP | AUSLEY & MCMULLEN, P.A. |
|---|---|
| MIHAELA CABULEA, ESQ. | CLAYTON OSTEEN, ESQ. |
| Florida Bar No.: 071586 | Florida Bar No.: 112109 |
| mcabulea@butler.legal | costeen@ausley.com |
| 400 North Ashley Drive, Suite 2300 | 123 South Calhoun Street |
| Tampa, Florida 33602 | Tallahassee, Florida 32301 |
| Telephone: (813) 281-1900 | Telephone: (850) 224-9115 |
| Facsimile: (813) 281-0900 | Facsimile: (850) 222-7560 |
| *Counsel for Empire Indemnity Insurance Company* | *Counsel for CMR Construction & Roofing, LLC* |

# EMPIRE INDEMNITY INSURANCE COMPANY'S CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1, 26.1-2, and 26.1-3, Appellee, EMPIRE INDEMNITY INSURANCE COMPANY, submits this Certificate of Interested Persons and Corporate Disclosure statement.

The following is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this appeal:

1. Boyd Richards Parker & Colonnelli, P.L., Counsel for The Orchards Condominium Association, Inc.;

2. Butler Weihmuller Katz Craig LLP, Counsel for Appellee;

3. Cabulea, Mihaela, Esq., Counsel for Appellee;

4. Caceres, J. Pablo, Esq., Counsel for Appellee;

5. CMR Construction & Roofing, LLC, a/a/o The Orchards Condominium Association, Inc., the Appellant;

6. Dudek, Kyle C., United States Magistrate Judge, Middle District of Florida;

7. Durham, Brian, Counsel for Appellant, The Orchards Condominium Association, Inc.;

8. Empire Fire and Marine Insurance Corporation, a subsidiary of Zurich American Insurance Company, a New York corporation;

9. Empire Indemnity Insurance Company, a wholly owned subsidiary of Empire Fire and Marine Insurance Company, a Nebraska Corporation;

10. Fears, Stanton, Counsel for The Orchards Condominium Association, Inc.;

11. Feldman, Alan, Counsel for Appellant in the District Court;

12. Hanrahan, Peter, National General Adjuster for Empire Indemnity Company Property Claim;

13. Johnson, Mark, Former President of The Orchards Condominium Association, Inc.;

14. McCoy, Mac R., Magistrate Judge, Middle District of Florida;

15. Phillips, Kathleen, Esq., Counsel for Appellee;

16. Povlsen, Jennie, Director of The Orchards Condominium Association, Inc.;

17. Secatore, Lynne, President of The Orchards Condominium Association, Inc.;

18. Sobota, Elzbieta, Claim Specialist for Empire Indemnity Insurance Company;

19. Soule, Steven M., CEO of CMR Construction & Roofing, LLC, the Appellant;

20. Steele, John E., Senior Honorable United States District Judge, Middle District of Florida;

21. The Kovar Law Group, Counsel for The Orchards Condominium Association, Inc.;

22. Zurich American Insurance Company;

22. Zurich Holding Company of America, Inc.;

23. Zurich Insurance Company Ltd.;

24. Zurich Insurance Group Ltd.

**EMPIRE INDEMNITY INSURANCE COMPANY'S
CORPORATE DISCLOSURE STATEMENT**

Pursuant to Eleventh Circuit Rule 26.1-1, Empire Indemnity Insurance Company makes the following corporate disclosure:

Empire Indemnity Insurance Company is a wholly owned subsidiary of Empire Fire and Marine Insurance Company, an Illinois corporation. Empire Fire and Marine Insurance Company is a subsidiary of Zurich American Insurance Company, a New York corporation. Zurich American Insurance Company is a wholly owned subsidiary of Zurich Holding Company of America, Inc., a Delaware corporation. Zurich Holding Company of America, Inc. is wholly owned by Zurich Insurance Company Ltd., a Swiss corporation. Zurich Insurance

Company Ltd. is directly owned by Zurich Insurance Group Ltd., a Swiss corporation. Zurich Insurance Group Ltd. is the only publicly traded parent company, with a listing on the Swiss stock exchange, and a further trading of American Depositary Receipts (Stock Ticker: ZURVY).

                                      BUTLER WEIHMULLER KATZ CRAIG LLP

                                      */s/ Mihaela Cabulea*
                                      MIHAELA CABULEA
                                      Florida Bar No.: 71586
                                      mcabuleamay@butler.legal
                                      Secondary   rburnison@butler.legal
                                      400 N. Ashley Drive, Suite 2300
                                      Tampa, Florida 33602
                                      Telephone: (813) 281-1900
                                      Facsimile: (813) 281-0900
                                      *Attorneys for Empire Indemnity Insurance Company*

# CMR CONSTRUCTION AND ROOFING, LLC'S
# CERTIFICATE OF INTERESTED PERSONS

**COMES NOW**, the Appellant, CMR Construction and Roofing, LLC, a/a/o The Orchards Condominium Association, Inc. ("CMR"), and pursuant to 11th Cir. R. 26.1, 26.1-2, and 26.1-3, hereby submits its Certificate of Interested Persons and Corporate Disclosures Statement and states the name of each person, attorney, association of persons, firm, law firm, partnership and corporation that has or may have an interest in the outcome of this case – including subsidiaries, conglomerates, affiliates, parent corporations, publicly-traded companies that own 10% or more of a party's stock, and all other identifiable legal entities related to any party to the case:

1. Boyd Richards Parker & Colonnelli, P.L., Attorneys for The Orchards Condominium Association, Inc.

2. Butler Weihmuller Katz Crag LLP, Attorneys for Appellee, Empire Indemnity Insurance Company.

3. Caceres, J. Pablo (Attorney for Appellee in the District Court and in the Eleventh Circuit Court of Appeals).

4. CMR Construction & Roofing, LLC, a/a/o The Orchards Condominium Association, Inc., the Appellant.

5. Dudek, Kyle C. (Magistrate Judge in the District Court).

6. Durham, Brian, Attorney for The Orchards Condominium Association, Inc.

7. Empire Fire and Marine Insurance Corporation is a subsidiary of Zurich American Insurance Company, a New York corporation.

8. Empire Indemnity Insurance Company is a wholly owned subsidiary of Empire Fire and Marine Insurance Company, a Nebraska corporation.

9. Fears, Stanton, Attorney for The Orchards Condominium Association, Inc.

10. Feldman, Alan (Attorney for Appellant in the District Court)

11. Hanrahan, Peter - National General Adjuster for Empire Indemnity Company Property Claim.

12. Johnson, Mark – Former President of The Orchards Condominium Association, Inc.

13. McCoy, Mac R. (Magistrate Judge in the District Court).

14. Philips, Kathleen (Attorney for Appellee in the District Court and in the Eleventh Circuit Court of Appeals).

15. Povlsen, Jennie- Director of The Orchards Condominium Association, Inc.

16. Secatore, Lynne - President of The Orchards Condominium Association, Inc.

17. Sobota, Elzbieta- Claim Specialist for Empire Indemnity Company.

18. Soule, Steven M - CEO of CMR Construction and Roofing, LLC, the Appellant.

19. Steele, John E. (Senior Honorable United Stated District Judge).

20. The Kovar Law Group, Attorneys for The Orchards Condominium Association, Inc.

21. Zurich American Insurance Company is a wholly owned subsidiary of Zurich Holding Company of America, Inc., a Delaware corporation.

22. Zurich Holding Company of America, Inc. is owned 99.180% directly by Zurich Insurance Company Ltd, a Swiss corporation; the remaining shares are indirectly owned by Zurich Insurance Company Ltd.

23. Zurich Insurance Company Ltd is directly owned by Zurich Insurance Group Ltd, a Swiss corporation.

24. Zurich Insurance Group Ltd is the only publicly traded parent company, with a listing on the SIX Swiss Exchange, and a further trading of American Depositary Receipts. Stock Ticker: ZURN.

# CMR CONSTRUCTION AND ROOFING, LLC'S CORPORATE DISCLOSURE STATEMENT

CMR Construction and Roofing, LLC, pursuant to 11th Circuit Rule 26.1-1, hereby makes the following Corporate Disclosure:

CMR is a foreign single member limited liability company with its principal office located at 3006 North Lindbergh Blvd., Suite 703, St. Ann, Missouri 63074. Steven Soule is the single member of CMR and at the time of filing the action was a citizen of the state of Texas. There are no publicly traded corporations or companies that have an interest in the outcome of this Appeal.

**AUSLEY & MCMULLEN, P.A.**

*/s/ Clayton T. Osteen*
Clayton T. Osteen
Florida Bar No. 112109
123 South Calhoun Street
Tallahassee, FL 32301
Tel: (850) 224-9115
Fax: (850) 222-7560
costeen@ausley.com
mmckenzie@ausley.com
*Counsel for Appellant, CMR Construction & Roofing, LLC*

# OPPOSED JOINT MOTION TO RESET THE BRIEFING SCHEDULE OR, ALTERNATIVELY, MOTION FOR EXTENSION OF TIME

Appellant CMR Construction and Roofing, LLC, a/a/o The Orchards Condominium Association, Inc. ("CMR"), and Appellee Empire Indemnity Insurance Company ("Empire"), respectfully move this Court to reset the briefing schedule, or alternatively, grant an extension of time for CMR's opening brief pending ruling by this Court on the Joint Opposed Motion to Realign the Parties filed January 21, 2025 by CMR and Empire, and in support state as follows:

1. On June 16, 2020, CMR sued The Orchards Condominium Association, Inc. ("Orchards") and its president Mark Johnson. That case was assigned case number 2:20-cv-422-FTM-29MRM.

2. On July 6, 2020, Orchards filed a Complaint against Empire and CMR in case number 2:20-cv-564-FTM-29MRM. [ECF 3]. Count I was a declaratory judgment action against CMR and alleged that Orchards properly revoked the assignment of benefits ("AOB") agreement it signed with CMR, or alternatively the AOB was invalid or CMR breached the AOB thereby relieving Orchards from any further obligations under it. [ECF 3]. Count II was a breach of contract claim against Empire.

3. On November 19, 2020, CMR sued Empire in case number 2:20-cv-917-FTM-29MRM.

1

4. On January 13, 2021, the district court consolidated the three related cases—2:20-cv-00422-JES-KCD, 2:20-cv-00564-FTM-29MRM, and 2:20-cv-00917-JES-KCD—and declared that case number 2:20-cv-00422-JES-KCD would be the lead case and all future documents would be filed in that case. [ECF 17]. The reason for consolidation was that all three cases dealt with many of the same issues and, in particular, whether CMR or Orchards has standing to sue Empire.

5. After the cases were consolidated, CMR amended its complaint against Orchard in case number 2:20-cv-422-FTM-29MRM, alleging ten (10) different counts. The relevant counts for this appeal are counts I and II. Count I was a declaratory judgment count against Orchards, alleging Orchards wrongfully revoked the AOB it signed with CMR. [ECF 16]. Count II was another declaratory judgment count against Orchards, claiming Orchards wrongfully revoked the Roofing Agreement and Addendum it signed with CMR. [ECF 16].

6. CMR also amended its complaint against Empire in case number 2:20-cv-917-FTM-29MRM to allege two counts. Count I for breach of contract alleged Empire underpaid CMR under the policy. Count II for declaratory judgment relief is not relevant to this appeal.

7. On December 29, 2022, the district court allowed the parties to file summary judgment motions addressing solely the issues of whether the AOB was valid and enforceable and who had standing to sue Empire. [ECF 149]. The district

court recognized that "[b]ecause both The Orchards and CMR sued Empire for breach of contract under the insurance policy, the initial question became whether the AOB gave standing to CMR, The Orchards, or both to sue Empire." [ECF 214]. Thereafter the parties submitted their respective motions for summary judgment stating their position on the AOB and who had standing to sue Empire. [ECF 156, 157, and 168].

8. CMR and Empire made similar arguments in their respective summary judgment motions. [ECF 156 and 157]. They argued the AOB was valid, enforceable, and irrevocable. They also argued that even if the AOB was revocable, Orchards did not properly revoke or terminate it and therefore the AOB was still valid and enforceable. [ECF 156 and 157]. Because the AOB was valid and enforceable, only CMR had standing to sue Empire under the policy. In sum, CMR and Empire shared the same position regarding the AOB and the standing issues and they both argued below that CMR, not Orchards, had standing to sue Empire.

9. Orchards disagreed with CMR and Empire and argued the AOB was invalid and unenforceable. [ECF 168]. Orchards also argued that it properly revoked the AOB. Orchards made the alternative argument that if the AOB were found valid and enforceable, it was limited to the work CMR actually performed. [DE 168].

10. On January 29, 2024, the district court ruled on the parties' summary judgment motions. [ECF 195]. The district court found that:

> [W]hile the assignment was a valid and enforceable one, it was limited in scope to work done by CMR under the Policy as approved by the insurer [Empire], and no such work was done by CMR. The Orchards is the proper party to sue Empire for any alleged breach of Policy claims since it has standing as to that claim and CMR does not.

[ECF 195].

11. The district court clarified its January 29, 2024, Opinion and Order on July 19, 2024, stating the Opinion and Order in essence dismissed the lawsuit that CMR file against Empire - case number 2:20-cv-00917-JES-KCD. [ECF 214]. The district court ordered the clerk of court to un-consolidate CMR's case against Empire from the other cases, and to enter final judgment in that case only. [ECF 214].

12. On August 13, 2024, the district court entered Final Judgment dismissing all claims asserted by CMR in the case it filed against Empire, case no. 2:20-cv-00917-JES-KCD. [ECF 19]. Final judgment has not been entered in the other two cases, which are currently stayed until this Court rules on this appeal.

13. On September 10, 2024, CMR filed a Notice of Appeal appealing the Final Judgment [ECF 19] that was entered in the case CMR filed against Empire. The Final Judgment that CMR appeals results from the district court's

determination that Orchards, not CMR, has standing to sue Empire. [ECF 195 at 51].

14. The Notice of Appeal, however, did not affect Orchards or the other two cases and Orchards was not a named party in the appeal.

15. On November 19, 2024, Orchards filed a motion to intervene in the appeal arguing that this Court's decision in this appeal has a potentially dispositive bearing on the case Orchards filed against Empire that is still pending in the district court. [ECF 24]. This Court granted Orchards' motion to intervene on December 31, 2024. [ECF 30].

16. Currently, CMR is Appellant and Empire is Appellee even though their arguments are aligned in regards to the validity of the AOB and the standing issues. Because their arguments are aligned this Court should realign the parties to reflect their interest. CMR and Empire should be Appellants and Orchards should be the Appellee. That way, the parties' interest and arguments are properly reflected by their designation.

17. On January 21, 2025, CMR and Empire filed an Opposed Joint Motion to Realign the Parties and Reset Briefing Schedule [ECF 33] ("Motion to Realign/Amend Style"), which as of the time of filing the instant motion remains pending with the Court.

18. Here, CMR and Empire' interests are aligned because they seek a finding that CMR, not Orchards has standing to sue Empire and that the AOB was valid and not properly revoked by Orchards. Orchards, on the other hand, seeks the opposite finding that it has standing to sue Empire and that alternatively, it has properly revoked the AOB. As a result, this Court should realign the parties so CMR and Empire are the Appellants and Orchards is the Appellee.

19. As argued in the pending Motion to Realign/Amend Style, both CMR's and Empire's opening briefs should be due on the same date so there is uniformity in the briefing schedule and consistency with the record.

20. CMR and Empire respectfully request that the Court reset the briefing schedule for their opening briefs by 45 days from CMR's current deadline of March 31, 2025, up to and including Thursday, May 15, 2025.

21. Resetting the briefing schedule for CMR's and Empire's opening briefs is in the best interests of justice and judicial economy and is warranted pending resolution by this Court of their pending joint Motion to Realign.

22. With respect to CMR's opening brief, which is currently due on March 31, 2025 [ECF 37], in an abundance of caution with the impending due date of CMR's opening brief, CMR requests that this Court find good cause exists to extend the current deadline for CMR's opening brief and establish the new deadline for CMR's opening brief of May 15, 2025. This request is consistent with

the relief requested herein and is being made to avoid any issues with respect to the briefing deadline.

23. Furthermore, as additional grounds for CMR's request for an extension of time, on Mach 18, 2025, lead counsel for CMR in the district court experienced a unexpected death in his family, which will cause commitment to family matters, planning, family religious observation, and related unforeseen matters in the very near future. Such loss will interfere with CMR's ability to prepare its opening brief and constitutes good cause for the granting of the requested extension of time. Empire has no objection to the requested extension of time for CMR to file its opening brief.

24. Empire, who should be an Appellant in the instant appeal in accordance with the reasons presented in the Motion to Realign/Amend Style, anticipates filing an opening brief as an Appellant instead of an answer brief as an Appellee. Empire cannot file an opening brief by the current due date of CMR's opening brief and needs an additional 45 days to file its opening brief. Empire's counsel has numerous conflicting deadlines in federal and state appellate courts that can no longer be extended, including an oral argument in the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia on March 20, 2025, a jurisdictional brief in the Supreme Court of Florida due March 31, two briefs in South Carolina Court of Appeals on April 4, 2025, three briefs mid-April in

Florida's Third and Sixth DCAs, and in this Court. Thus, Empire's counsel needs the briefing schedule to be reset by 45-days from the current due date of the opening brief for the CMR to prepare Empire's opening brief as an Appellant and to conclude consultation with her clients and obtain authorization to file the brief.

25. The Motion to Reset the Briefing Schedule and the Alternative Motion for Extension are made in good faith and not for purposes of delay and are necessary pending resolution by this Court of the joint Motion to Realign.

26. The undersigned counsel for CMR and the undersigned counsel for Empire have consulted with counsel for Orchards, Wesley Dunaway, Esq. and they are authorized to represent that Orchards objects to the relief requested in this motion.

WHEREFORE, CMR and Empire respectfully request that the Court reset the briefing schedule pending resolution by the Court of their joint Motion to Realign, to make their opening briefs due at the same time on May 15, 2025, or, in the alternative, grant CMR an extension of time until May 15, 2025, and grant any further relief this Court deems just and proper.

(*Signature block on following page*)

| AUSLEY & MCMULLEN, P.A. | BUTLER WEIHMULLER KATZ CRAIG LLP |
|---|---|
| */s/ Clayton Osteen* <br> CLAYTON OSTEEN, ESQ. <br> Florida Bar No.: 112109 <br> costeen@ausley.com <br> 123 South Calhoun Street <br> Tallahassee, Florida 32301 <br> Telephone: (850) 224-9115 <br> *Counsel for CMR Construction & Roofing, LLC* | */s/ Mihaela Cabulea* <br> MIHAELA CABULEA <br> Florida Bar No.: 71586 <br> mcabulea@butler.legal <br> 400 N. Ashley Drive, Suite 2300 <br> Tampa, Florida 33602 <br> Telephone: (813) 281-1900 <br> *Counsel for Empire Insurance Company* |

# CERTIFICATE OF COMPLIANCE

The foregoing document complies with the word and page limits of the Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding all parts of the document exempted by rule 32(f), this document contains 1,785 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in proportionally spaced typeface using Microsoft Word in size 14 font.

/s/ Mihaela Cabulea
MIHAELA CABULEA

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all counsel of record on March 21, 2025, via the CM/ECF system.

/s/ Mihaela Cabulea
MIHAELA CABULEA